```
 1  BENJAMIN B. WAGNER
    United States Attorney
 2  KYLE REARDON
    MATTHEW MORRIS
 3  Assistant U.S. Attorneys
    501 I Street, Suite 10-100
 4  Sacramento, CA  95814
    (916) 554-2700
 5  (916) 448-2900 FAX
```

**FILED**

MAR - 8 2012

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
         DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:12-CR-92 MCE |
| Plaintiff, | VIOLATIONS: 18 U.S.C. § 1591(a)(1) - Sex Trafficking of Children or by Force, Fraud, and Coercion; 18 U.S.C. § 2251(a) - Production of Child Pornography; 18 U.S.C. § 2252(a)(2) - Distribution of Child Pornography; 18 U.S.C. § 1594(d) and 18 U.S.C. § 2253(a) - Criminal Forfeiture |
| v. | |
| JAMIR IMARI TATUM, | |
| Defendant. | |

I N D I C T M E N T

COUNT ONE: [18 U.S.C. § 1591 - Sex Trafficking of Children or by Force, Fraud, and Coercion]

The Grand Jury charges: T H A T

JAMIR IMARI TATUM,

defendant herein, between on or about a date unknown to the Grand Jury, but no later than February 20, 2012, and on or about February 22, 2012, in the State and Eastern District of California, in and affecting interstate commerce, knowingly did recruit, entice, harbor, transport, provide, obtain, and maintain by any means, a person, to wit: a 14-year-old female identified as "A.C.", knowing that means of

1

force, threats of force, fraud, coercion, and any combination of such means, would be used to cause the person to engage in a commercial sex act, and knowing that the person had not attained the age of 18 years and would be caused to engage in a commercial sex act, in violation of Title 18, United States Code, Section 1591(a)(1).

COUNT TWO: [18 U.S.C. § 2251(a) - Production of Child Pornography]

The Grand Jury further charges: T H A T

JAMIR IMARI TATUM,

defendant herein, between on or about January 23, 2012, and on or about February 21, 2012, in the County of Sacramento, State and Eastern District of California, did knowingly employ, induce, coerce, and use a minor, identified as "A.C.", to engage in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), for the purpose of producing a visual depiction of such conduct, when the defendant knew and had reason to know that such visual depictions would be transported and transmitted using a means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce; when such visual depictions were produced and transmitted using materials that had been shipped and transported in and affecting interstate and foreign commerce by any means including by computer; and when such visual depictions were actually transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, all in violation of Title 18, United States Code, Section 2251(a).

///
///

1  COUNT THREE:     [18 U.S.C. § 2252(a)(2) - Distribution of Child
2                    Pornography]

3       The Grand Jury further charges: T H A T

4                    JAMIR IMARI TATUM,
5  defendant herein, between on or about February 21, 2012, and on or
6  about February 22, 2012, in the County of San Joaquin, State and
7  Eastern District of California, did knowingly distribute visual
8  depictions using a means and facility of interstate and foreign
9  commerce, and that had been transported in and affecting interstate
10 and foreign commerce, and which contained materials which had been so
11 transported, by any means, including by computer, where the
12 production of such visual depictions involved the use of a minor
13 engaging in sexually explicit conduct and such visual depictions were
14 of such conduct as defined in Title 18, United States Code, Section
15 2256(2), all in violation of Title 18, United States Code, Section
16 2252(a)(2).

17 FORFEITURE ALLEGATION: [18 U.S.C. §§ 1594(d) and 18 U.S.C. § 2253(a)
18                         - Criminal Forfeiture]

19      1.   Upon conviction of the offense alleged in Count One of this
20 Indictment, defendant JAMIR IMARI TATUM shall forfeit to the United
21 States pursuant to 18 U.S.C. § 1594(d), any property, real or
22 personal, that was used or intended to be used to commit or to
23 facilitate the commission of such violation, and any property, real
24 or personal, constituting or derived from, any proceeds obtained,
25 directly or indirectly, as a result of such violation, including but
26 not limited to, one MyTouch cell phone containing a micro SD card
27 seized on February 22, 2012.

28      2.   Upon conviction of one or more of the offenses alleged in

                                    3

Counts Two and Three of this Indictment, defendant JAMIR IMARI TATUM shall forfeit to the United States pursuant to 18 U.S.C. § 2253(a), any and all matter which contains visual depictions produced, transported, mailed, shipped or received in violation thereof; any property, real or personal, constituting or traceable to gross profits or other proceeds the defendant obtained as a result of the said violations; and any property, real or personal, used or intended to be used to commit and promote the commission of the violations, including, but not limited to, one MyTouch cell phone containing a micro SD card seized on February 22, 2012.

3. If any property subject to forfeiture as a result of the offenses alleged in Counts One through Four of this Indictment, for which defendant is convicted:

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the Court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 28 U.S.C. § 2461(c) and 18 U.S.C. § 2253(b), incorporating 21 U.S.C. § 853(p), to

///
///
///
///
///
///

1 | seek forfeiture of any other property of said defendant up to the
2 | value of the property subject to forfeiture.

A TRUE BILL.

/s/ Signature on file w/AUSA

FOREPERSON

*[signature]*
BENJAMIN B. WAGNER
United States Attorney

5

No. 2:12-M-92

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

## THE UNITED STATES OF AMERICA
*vs.*

## JAMIR IMARI TATUM

### I N D I C T M E N T

**VIOLATION(S):** 18 U.S.C. § 1591(a)(1) - Sex Trafficking of Children or by Force, Fraud, and Coercion; 18 U.S.C. § 2251(a) - Production of Child Pornography; 18 U.S.C. § 2252(a)(2) - Distribution of Child Pornography; 18 U.S.C. § 1594(d) and 18 U.S.C. § 2253(a) - Criminal Forfeiture

*A true bill,*

/s/
Foreman.

*Filed in open court this* 9 *day*

*of* March , A.D. 20 12

Clerk.

*Bail, $*

**NO PROCESS NECESSARY**

GPO 863 525

# PENALTY SLIP

**DEFENDANT:** JAMIR IMARI TATUM    ?:12-CR-92    MCE

**COUNT ONE:** 18 U.S.C. § 1591(a)(1) - Sex Trafficking of Children or by Force, Fraud, and Coercion

PENALTY: Not more than $250,000 Fine; or
Not less than 10 years and up to a lifetime term of Imprisonment, or both;
Not less than five years and up to a lifetime period of supervised release.

**COUNT TWO:**
VIOLATION: 18 U.S.C. § 2251(a) - Production of Child Pornography

PENALTY: Not more than $250,000 Fine; or
Not less than 15 years imprisonment or not more than 30 years of Imprisonment, or both;
Not less than five years and up to a lifetime period of supervised release.

**COUNT THREE:**
VIOLATION: 18 U.S.C. § 2252 (a) (2) - Distribution of Child Pornography

PENALTY: Not more than $250,000 Fine; or
Not less than 5 years imprisonment or not more than 20 years of Imprisonment, or both;
Not less than five years and up to a lifetime period of supervised release.

**FORFEITURE ALLEGATION:**
VIOLATION: 18 U.S.C. § 1594(d) and 18 U.S.C. § 2253(a) - Criminal Forfeiture
PENALTY: As stated in indictment.

ASSESSMENT: $100 special assessment for each count