BENJAMIN B. WAGNER
United States Attorney
KYLE REARDON
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
(916) 554-2700
(916) 554-2900 FAX

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  2:12-CR-00092 MCE |
| Plaintiff, | |
| v. | **GOVERNMENT SENTENCING MEMO** |
| JAMIR IMARI TATUM, | |
| Defendant. | |

The United States of America, by and through the undersigned attorneys, respectfully submits this Sentencing Memorandum for defendant Jamir Imari Tatum. This sentencing memorandum is submitted in support of the United States' argument for a 168-month sentence of imprisonment, to be followed by a 10-year term of supervised release.

I. <u>BACKGROUND</u>

On February 23, 2012, the defendant was arrested and charged in a criminal complaint with sex trafficking of a minor in violation of 18 U.S.C. § 1591, and production of child pornography in violation of 18 U.S.C. § 2251.  C.R. 1.  On March 8, 2012, the United States indicted the defendant with a violation of 18 U.S.C. § 1591(a)(1), Sex Trafficking of a Minor; Production of Child Pornography, in violation of

18 U.S.C. § 2251(a); and Distribution of Child Pornography, in violation of 18 U.S.C. § 2251(a)(2).  C.R. 7.

The defendant pleaded guilty on September 27, 2012, pursuant to a written plea agreement to a violation of 18 U.S.C. § 2252(a)(2), Distribution of Child Pornography. C.R. 19.  In the plea agreement, the parties agreed to specific offense characteristics which resulted in a total adjusted offense level of 33.  Id.  The plea agreement permitted a defense argument in mitigation pursuant to the factors found at 18 U.S.C. § 3553(a) for a sentence of not less than five years; the United States could respond to any argument in mitigation argument, and agreed to recommend a sentence at the bottom of the applicable guideline ranges.  Id.

II. SENTENCING CALCULATION

A. Statutory Maximum Sentence

The maximum sentence that may be imposed for a violation of 18 U.S.C. § 2252(a)(2) is not less than five and up to 20 years imprisonment, a fine of $250,000, and a lifetime period of supervised release.

B. Sentencing Guidelines Calculation

The Probation Officer determined that the base offense level was 22, and applied an additional 11 levels pursuant to the specific offense characteristics found at USSG § 2G1.3(b), and Chapter 3 adjustments.  PSR at ¶¶ 14-23.  The defendant's criminal history is III.  Id. at 38.  The sentencing guideline range was therefore determined by the Probation Officer to be 168 to 210 months.  Id. at 77.

C. The Probation Officer's Recommended Sentence

The Probation Officer recommends a downward variance under 18 U.S.C. § 3553(a) and a sentence of 84-months imprisonment.  The Probation Officer also recommends a 10-year term of supervised release.

III. GOVERNMENT'S RECOMMENDATION

The United States asks the Court to impose a sentence of 168-months imprisonment, to be followed by a 10-year term of supervised release.  This sentence is

at the bottom of the applicable guideline range for the defendant, and serves the sentencing goals of 18 U.S.C. § 3553.  In particular, this sentence is appropriate given the seriousness of the defendant's' criminal acts, and the need to promote deterrence. Id. at (a)(2)(A), (B).  This sentence also properly considers the history and characteristics of the defendant.  Id. at (1).[1]

A. The Nature and Circumstances of the Defendant's Crimes Merit the United States' Recommended Sentence.

1. The Defendant Exploited a Child for his Own Financial Benefit.

The defendant committed several criminal acts which merit sanction by the Court.  These acts include producing and distributing child pornography a 14-year-old girl, as well as "pimping-out" that victim.  These acts are unconscionable and warrant a lengthy sentence of imprisonment.

The defendant was the person who filmed himself having sex with the 14-year-old victim, and took lewd and lascivious pictures of her that he later posted online.  The defendant was also the victim's pimp.  He groomed his victim, controlled and forced her to engage in sex with men for money, and directed her activities while she worked for him. As the PSR makes clear, during the short time that she was with him, the defendant told the victim when and where she could work, PSR at 5, and sent her at least one intimidating text messages cajoling her to continue working, id. at 9.  The defendant's fundamental disrespect for his victim is manifested in his treatment of her, as well as his repeated references in text messages to his "hoe" and "bitch."  To this defendant, the 14-year-old victim was nothing more than a piece of property that could

---

[1] In no event does the United States believe that a sentence of less than 135 months should be imposed.  Had the defendant pleaded guilty to Sex Trafficking of a Minor in violation of 18 U.S.C. § 1591, his guideline range would have been no less than 135-168.  See U.S.S.G. § 2G1.3.  He also would have been subject to a 10-year mandatory minimum sentence.

be used to make him money.

    2. The Short Duration of the Defendant's Conduct Does Not Warrant a Lesser Sentence.

The defendant should not receive the benefit of law enforcement's quick response to the victim's absence. There is nothing in the record to indicate that the defendant intended to limit the victim's activities to only 48 hours. Indeed, the defendant's text messages to friends, and his criminal history indicate that he intended to exploit the victim as long as he was able.

B. The Requested Sentence is Essential to Deterring Future Criminal Behavior.

The United States' requested sentences will deter defendants as well as others who may be involved in the commercial sexual exploitation of children. A 168-month sentence will specifically deter this defendant, as well as generally deter others who might control others for their own gain.

The importance of deterring others who might "pimp-out" underage females cannot be denied. Comprehensive research to document the number of children engaged in prostitution in the United States is lacking. However, it was estimated in 2001 that approximately 293,000 American youth are currently at risk of becoming victims of commercial sexual exploitation. Estes Report at 11-12; see also Mia Spangenberg, *Prostituted Youth in New York City*: An Overview (available at http://www.ecpatusa.org/ child_prosti_us.asp). The majority of American victims of commercial sexual exploitation tend to be runaway youth like the defendant's victim. Id. at 11-12.

The average age at which girls first become victims of prostitution is 12-14. Estes Report at 92. Of the girls engaged in formal prostitution, about 75% worked for pimps like the defendants. Estes Report, Executive Summary at 7. Pimp-controlled commercial sexual exploitation of children is linked to escort and massage services, private dancing, drinking and photographic clubs, major sporting and recreational events, major cultural events, conventions, and tourist destinations. Id. About one-

fifth of these children become entangled in nationally organized crime networks and are trafficked nationally. Id. at 8.

There is no doubt that a number of factors have combined to create the distressing statistics outlined above. Among those factors are breakdowns in familial relationships, sexual abuse, and the use of narcotics, many of which often occur long before pimps like the defendants target young females and bring them into the world of prostitution. Unfortunately, the Court has little power to address these root causes of underage prostitution in order to prevent its occurrence.

The Court does have the power to affect those who might take advantage of those circumstances. The United States' requested sentences will do that by sending a message to others about the serious consequences of their criminal actions. It is only with such messages that the Court can deter others who might exploit juveniles.

C. The History and Characteristics of the Defendant Supports the United States' Requested Sentence.

The Probation Officer describes in great detail the defendant's long criminal history. Since the age of 13, the defendant has been involved in myriad criminal activity. There is nothing to indicate any attempt by the defendant to engage in any productive activity.

The United States recognizes the difficult circumstances of the defendant's upbringing. However, none of these circumstances excuse his decision to exploit a 14-year-old girl. The defendant is an adult, and must be held accountable for his conscious decision to exploit a child.

These defendant's history and characteristics also support the lengthy period of supervision requested by the United States. The defendant has not demonstrated that he can be a functioning adult member of society. Supervising him for a decade following his release will ensure that there remains a support structure capable of encouraging and promoting positive acts, and punishing negative ones.

///

D. Two of the Victims of the Defendant's Crimes Request the Opportunity to Speak at Sentencing.

The 14-year-old victim and her mother have both requested the opportunity to speak at the time of sentencing. See "Request for Notification" forms attached to PSR. The United States believes that these requests should be granted. Both individuals qualify as victims under the law and are entitled to address the Court prior to the defendant's sentencing.

The Crime Victim Rights Act (CVRA) grants victims the right to be "reasonably heard at any public proceeding involving release, plea, [or] sentencing[.]" 18 U.S.C. § 3771(a)(4). The CVRA defines a victim as anyone "directly or proximately harmed by the defendant's conduct." Id. at (e). The 14-year-old victim of the defendant's child pornography and sex trafficking crimes certainly meets this standard.

Furthermore, the CVRA expressly permits the legal guardians of a minor to assume the minor's rights under the act. As the minor is permitted to be heard in court, so too are her legal guardians. See United States v. Goodwin, 287 Fed.Appx. 608 (9th Cir. 2008) (unpublished) (permitting victim-impact statements from the child depicted in the images possessed by the defendant and her mother); see also United States v. Clark, 335 Fed. Appx. 181, 183-84 (3rd Cir. 2009) (unpublished) (permitting the reading of victim-impact statements by a minors and their parents); see also United States v. McElroy, 2009 WL 3807157 (unpublished). Accordingly, the 14-year-old victim's parents or guardians should also be permitted to address the Court.

///
///
///
///
///
///
///

IV. CONCLUSION

For the reasons stated herein, the United States asks the Court to impose a sentence of 168-months imprisonment to be followed by a 10-year term of supervised release be imposed.

DATED: February 21, 2013						Respectfully Submitted,

								BENJAMIN B. WAGNER
								United States Attorney


							By:	/s/ Kyle Reardon
								KYLE REARDON
								Assistant U.S. Attorney