# UNITED STATES DISTRICT COURT
## Eastern District of California

## Petition For Warrant or Summons For Offender Under Supervision

| | | | |
|---|---|---|---|
| **Name of Offender:** | Jamir Imari Tatum | **Docket Number:** | 0972 2:12CR00092-001 |
| **Name of Judicial Officer**: | Honorable Morrison C. England, Jr., Senior United States District Judge | | |
| **Date of Original Sentence:** | 03/28/2013 | | |

**Original Offense:** 18 U.S.C. § 2252(a)(2) – Distribution of Child Pornography (Class C Felony); 18 U.S.C. § 2253 – Criminal Forfeiture

**Original Sentence:** 84 months custody of the Bureau of Prisons; 120 months Supervised Release; $100 Special Assessment; Mandatory drug testing; No Firearms; DNA collection

**Special Conditions:**

1. Warrantless Search
2. Financial Disclosure
3. Drug/Alcohol Treatment
4. Drug/Alcohol Testing
5. Pager/Cellular Phone Restriction
6. Mental Health Treatment
7. Aftercare Co-payment
8. No On-Line Computer Access
9. No Contact With All Minors
10. Search - Sex Offender
11. Computer Inspection
12. Pornography Restriction
13. Phone Record Disclosure
14. Notice to Employer of Computer Restriction
15. Sex Offender Treatment
16. Sex Offender Registration

**Type of Supervision:**   TSR

**Date Supervision Commenced:**   08/17/2018
**Date Supervision Recommenced:**   05/07/2020

RE: **Jamir Imari Tatum**                                      Docket Number: 0972 2:12CR00092

**Other Court Actions:**

**08/22/2018**:     The Court added Special Condition number 17: The defendant shall reside and participate in a residential re-entry center for a period of up to 180 days; said placement shall commence as directed by the probation officer pursuant to 18 USC 3563(b) (11).

**05/03/2019**      Prob 12C – Petition For Warrant For Offender Under Supervision was filed alleging charges 1 through 4 herein.

**11/08/2019**      Initial Appearance before Magistrate Judge Kendall J. Newman. Matter continued to 11/22/2049 at 2 p.m. to allow probation to submit a Superseding Petition.

**11/21/2019**      Superseding Petition filed adding Charge 5 – New Law Violation

**05/07/2020**      Admitted to Charges 1, 3, 4, and 5. Sentenced the same day to 6 months custody (Time Served), followed by 114 months TSR.

## PETITIONING THE COURT

☒ **TO ISSUE A WARRANT**

☐ **TO ISSUE A SUMMONS**

☐ **OTHER:**

The probation officer alleges the offender has violated the following conditions(s) of supervision:

**Charge Number**          **Nature of Violation**

**Charge 1:**     **NEW LAW VIOLATION**

On October 9, 2020, the offender was involved in a vehicle collision and was cited by an officer from the North Las Vegas Police Department for Reckless Driving, Failure to Use Due Care When Approaching an Intersection, Operating a Motor Vehicle Without a Driver License, Operating an Unregistered Motor Vehicle, Operating a Motor Vehicle Without Insurance, and Failure to Wear a Seatbelt. This conduct is in violation of a Mandatory Condition, which states, "*The defendant shall not commit another federal, state, or local crime.*"

RE: **Jamir Imari Tatum**                                              Docket Number: 0972 2:12CR00092

**Charge 2:**     **UNAUTHORIZED TRAVEL**

As noted in Charge One, on October 9, 2020, the offender was involved in a vehicle collision in Las Vegas, Nevada.  The offender did not obtain prior approval to travel to North Las Vegas.  This conduct is in violation of a Standard Condition, number 3 which states, "*You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission.*"

**Charge 3:**     **FAILURE TO NOTIFY OF LAW ENFORCEMENT CONTACT**

As noted in Charge One, on October 9, 2020, the offender was contacted by a law enforcement officer subsequent to a vehicle collision.  The offender failed to report this law enforcement contact to the undersigned. This conduct is in violation of a Standard Condition, number 9 which states, "*If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.*"

**Charge 4:**     **NEW LAW VIOLATION**

On November 7, 2020, the offender's estranged girlfriend reported the offender punched her twice in the face.  Subsequently, he was charged with the following: Inflicting Corporal Injury on a Spouse/Cohabitant and Exhibiting a Deadly Weapon – Not a Firearm.  This conduct is in violation of a Mandatory Condition, which states, "*The defendant shall not commit another federal, state, or local crime.*"

**Justification:**  On October 9, 2020, the offender was involved in a vehicle collision with another motorist.  A police officer from North Las Vegas, Nevada, responded the scene of the collision and determined the offender was at fault.  The offender admitted to the officer he was traveling approximately 60 miles per hours (MPH) in a posted 45 MPH zone.  Subsequently, the offender was cited for Reckless Driving, Failure to Use Due Care When Approaching an Intersection, Operating a Motor Vehicle Without a Driver License, Operating an Unregistered Motor Vehicle, Operating a Motor Vehicle Without Insurance, and Failure to Wear a Seatbelt (Charge 1).  The offender traveled to North Las Vegas without prior approval from the undersigned (Charge 2) and failed to notify the undersigned of police contact (Charge 3).

On November 7, 2020, a Solano County Sheriff's deputy responded to a disturbance call.  Upon arrival, the offender's estranged girlfriend reported that the offender punched her in the face twice, causing a bloody lip.  As she fought back, the offender pulled out a knife and exposed the blade to her while holding the knife out and to his side.  The offender fled the scene prior to the deputy's arrival.  Subsequently, the offender was charged with Inflicting Corporal Injury on a Spouse/Cohabitant and Exhibiting a Deadly Weapon – Not a Firearm (Charge 4).

RE: **Jamir Imari Tatum**　　　　　　　　　　　　Docket Number: 0972 2:12CR00092

**Detention:** Based on the above alleged violation conduct, it is believed the offender poses a flight risk and safety risk to the community. Therefore, it is respectfully recommended that a bench warrant be issued for his arrest and that he remains detained throughout his violation proceedings.

**I declare under penalty of perjury that the following is true and correct.**

**EXECUTED ON:**　　**November 20, 2020**
　　　　　　　　　　**Elk Grove, California**

Respectfully submitted,

**Ronnie Preap**
**Supervisory United States Probation Officer**
Telephone: 209-915-7484

**DATED:**　11/20/2020

Reviewed by,

**Michael K. McFarland**
**Supervising United States Probation Officer**

RE: **Jamir Imari Tatum**                                    Docket Number: 0972 2:12CR00092

---

**THE COURT FINDS PROBABLE CAUSE AND ORDERS:**

☒ The issuance of a warrant.

☐ The issuance of a summons.

☐ Other:

**FURTHER PROCEEDINGS REGARDING CUSTODY:**

☐ Defendant is ordered detained, to be brought before District Judge forthwith.

☒ Initial appearance and detention hearing before Magistrate Judge.

**Dated:  December 4, 2020**

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

CC:

United States Probation

Assistant United States Attorney: Michael W. Redding

United States Marshal Service

RE: **Jamir Imari Tatum**                    Docket Number: 0972 2:12CR00092

# STATEMENT OF EVIDENCE OF ALLEGED SUPERVISED RELEASE VIOLATIONS

Honorable Morrison C. England, Jr.
Senior United States District Judge
Sacramento, California

                                 RE:    Tatum, Jamir Imari
                                 **Docket Number:** 0972 2:12CR00092

Your Honor:

In addition to a copy of the **Acknowledgment of Conditions of Probation or Supervised Release and Receipt of Criminal Judgment and Judgment and Commitment Order,** the following evidence and/or testimony will be offered to support the probation officer's allegation that the above-named releasee is in violation of the conditions of supervision as stated on the attached Probation Form 12C - Petition for Warrant or Summons for Offender Under Supervision.

**Charge 1:**    **NEW LAW VIOLATION**
    a. **Evidence:**

        i. North Las Vegas police report number 2010090016725

        ii. North Las Vegas police body worn video

    b. **Witnesses:**

        i. North Las Vegas police officer

**Charge 2:**    **UNAUTHORIZED TRAVEL**
    a. **Evidence:**

        i. North Las Vegas police report number 2010090016725

        ii. North Las Vegas police body worn video

        iii. Eastern District Map

    b. **Witnesses:**

        i. Supervisory United States Probation Officer Ronnie Preap

RE: **Jamir Imari Tatum**                                         Docket Number: 0972 2:12CR00092

**Charge 3:**   **FAILURE TO NOTIFY OF LAW ENFORCEMENT CONTACT**
  a. **Evidence:**
     i. North Las Vegas police report number 2010090016725
     ii. North Las Vegas police body worn video
  b. **Witnesses:**
     i. Supervisory United States Probation Officer Ronnie Preap

**Charge 4:**   **NEW LAW VIOLATION**
  a. **Evidence:**
     i. Solano County Sheriff's Office report number 20-03804
  b. **Witnesses:**
     i. Solano County Sheriff's deputy

Respectfully submitted,

**Ronnie Preap**
**Supervisory United States Probation Officer**
Telephone: 209-915-7484

**DATED:** 11/20/2020
Elk Grove, California

Reviewed by,

**Michael K. McFarland**
**Supervising United States Probation Officer**

RE: **Jamir Imari Tatum**                                    **Docket Number:** 0972 2:12CR00092

# REVOCATION GUIDE – SUPERVISED RELEASE

| | | | |
|---|---|---|---|
| **Name of Offender:** | Jamir Imari Tatum | **Docket Number:** | 0972 2:12CR00092 |
| **Date of Original Offense:** | 03/28/2013 | | |

**Original term of supervised release imposed:** 10 **years**

**Highest grade of violation alleged:** B

**Criminal History Category of offender:** III

**Original guideline range:** 168 **to** 210 **months.**

**Chapter 7 range of imprisonment:** 8 **to** 14 **months.**

**Maximum term on revocation - 18 USC 3583(e)(3):** (*choose one below*)

- ☐ **Class A felony - 5 years (or stat max of** Click here to enter text. **years if longer)**
- ☐ **Class B felony - 3 years**
- ☒ **Class C and/or D felony - 2 years**
- ☐ **Class E felony and misdemeanors - 1 year**

**Violation requires mandatory revocation:  YES:** ☐   **NO:** ☒

**Original offense committed on or after 04/30/2003**: Court may sentence up to the statutory maximum term of supervised release applicable to the original offense of conviction, but not exceed the maximum for the classes of offenses noted above. There is no adjustment for prison time imposed for any previous revocation of the term of supervised release. The Court must consider but is not bound by Chapter 7 ranges. Upon revocation, the Court may re-impose supervised release; however, the term is limited to the statutory maximum authorized under Title 18 USC 3583(e)(3) for the original offense of conviction, less the current term of imprisonment imposed upon revocation, and all prior terms of imprisonment imposed upon previous revocations.

## MANDATORY REVOCATION ISSUES

**Original offense committed before 09/13/94:** Title 18 USC 3583 instructs that supervision be revoked upon a finding of possession of a controlled substance. If the violation involves the use of a controlled substance, the Court has the discretion to find that "use" constitutes "possession."

RE: **Jamir Imari Tatum**                                              Docket Number: 0972 2:12CR00092

A possession finding requires the imposition of a sentence not less than one-third of the term of supervised release.

**Original offense committed after 09/13/94:**  Title 18 USC 3583 instructs that supervision shall be revoked upon a finding of:  1) Possession of a controlled substance; 2) Possession of a firearm; or, 3) Refusal to comply with mandatory drug testing.  If the violation involves the use of a controlled substance, the Court has the discretion to find that "use" constitutes "possession."

**Positive/Failed Drug Tests after 11/02/2002:**  Title 18 USC 3583(g) amended and instructs that supervision be revoked for:  Testing positive for illegal controlled substances more than three times over the course of one year.